**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4115**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

            v.

HENRY RAYFORD PRIVETTE, JR., a/k/a H.R. Privette, a/k/a Ray
Picard, d/b/a Carolina Furniture, Incorporated, d/b/a
carolinafurniture.com, d/b/a Henry Ray Furniture Export,
Incorporated, d/b/a Carolina Furniture Factory Direct from
High Point, NC, Incorporated, d/b/a Miller Burns
International Home Furnishings, Ltd.,

                  Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge. (7:07-cr-00133-BO-1)

Submitted: December 7, 2009        Decided: December 22, 2009

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Rayford Privette, Jr., appeals his convictions for wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2009). Privette argues that the district court abused its discretion under Fed. R. Evid. 404(b) by allowing the government to present evidence of Privette's prior state charges. For the reasons that follow, we affirm.

This court typically reviews evidentiary rulings for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). An abuse of discretion occurs only when "the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

Although not admissible to prove the defendant's character, evidence of other crimes may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. See United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United

States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id. (citing Fed. R. Evid. 403). Where the trial judge gives a limiting instruction on the use of 404(b) evidence, the chance that the jury will improperly use the evidence is reduced. Queen, 132 F.3d at 997.

An element of wire fraud is the intent to defraud. 18 U.S.C.A. § 1343. The evidence that Privette had previously pled nolo contendere to similar state charges, involving similar facts, was relevant to his state of mind when making promises to the victims. The district court did not abuse its discretion by concluding the challenged evidence was relevant and necessary to prove intent, reliable, and more probative than prejudicial.

Accordingly, because the evidence of Privette's prior state convictions was properly admitted, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED